**Walter Joseph SCHWARK**

v.

**The S.S. RIO MACAREO, her boilers, engines, tackle, apparel, and furniture.**

**No. 628.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Jan. 20, 1966.

———◆———

Rene Lehmann, Herman L. Midlo, Midlo & Lehmann, New Orleans, La., for libelant.

Harry S. Redmon, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Transworld Carriers, Inc., claimant-respondent.

WEST, District Judge:

### FINDINGS OF FACT

1. Libelant, Walter Joseph Schwark, is a citizen of the Republic of West Germany.

2. The SS RIO MACAREO is a foreign vessel of Liberian registry, owned by Transworld Carriers, Inc., a Nassau, Bahamas, British West Indies corporation.

3. Libelant signed on the SS RIO MACAREO as a radio operator in Glasgow, Scotland, on April 26, 1961. In the Shipping Articles his wages were fixed at $275 per month, plus overtime at the rate of $1.10 per hour for time worked in excess of forty-four hours per week. In addition thereto, the Articles provided for eighteen days of paid vacations on the basis of his regular wage scale plus subsistence at the rate of $1.20 per day. The Articles further provided:

"It is also expressly understood and agreed, anything to the contrary

notwithstanding, the Master and/or Owner, shall have the right after the commencement of the voyage to terminate these articles and/or the employment of any member of the crew, in any port of the world, prior to the completion of the voyage, by giving prior written notice of such termination, in which event the seaman whose employment is terminated without any fault on his part shall be entitled to transportation to the port of sign-on or place of shipment, and wages and maintenance for the time it would take to reach such port of sign-on or shipment by the most direct route, or the actual time, whichever is shorter, provided however, that if a seaman is discharged because of any fault on his part, he shall not be entitled to any wages subsequent to his discharge, nor transportation to the port of sign-on or place of shipment."

4. On February 12, 1962, libelant was discharged from the vessel and from his employment thereon while the vessel was docked at Burnside, Louisiana. Libelant contends that he was illegally discharged in violation of his Shipping Articles and brings this libel demanding unpaid wages, overtime wages, and vacation allowances, all as provided for in his Shipping Articles, together with penalties as provided by law.

5. By stipulation entered into between proctors for the respective parties hereto, it was agreed that if libelant is correct in his assertion that he was improperly discharged in violation of the provisions of his Shipping Articles, and if he is correct in his assertion that he is entitled to ninety-six hours of overtime pay, he would now be entitled to recover from respondent, after deducting the deposit made for his account in Germany, and after deducting German social security payments, the total sum of $272.90 as wages due through February 15, 1962; that if he is entitled to vacation pay and vacation subsistence, he would be entitled to recover an additional amount of $186.60; and that if he is entitled to recover wages to the end of the voyage, he would be entitled to an additional $1,503.24. This makes a total of $1,962.74, plus statutory penalties as provided for under Title 46, U.S.C.A. §§ 596, 597, at the rate of $19.20 per day from the date of termination of the voyage until his demands are satisfied. It was further stipulated that if, on the contrary, the claimant, Transworld Carriers, Inc., is correct in its assertion that the libelant was properly discharged for good cause, and that he was entitled to be paid for only thirty-one hours of overtime rather than for the ninety-six hours as claimed by him, he would now be entitled to wages, after deducting the deposit made for his account in Germany and after deducting German social security payments, in the total amount of only $201.40 through February 15, 1962; that if the claimant is correct in its assertion that libelant was discharged properly and for good cause, he would not be entitled to recover vacation pay, vacation subsistence, or wages to the end of the voyage; and that if the claimant is correct in its assertion that where a seaman is discharged for good cause, the claimant is entitled to offset the cost of repatriation against monies due libelant, the cost of repatriation in this case being $402.59, instead of claimant owing libelant any money, the libelant is indebted to the claimant.

6. The Court now finds, as a fact, that libelant became involved in an altercation with the Chief Steward on the vessel on or about January 5, 1962, and did, at that time, attempt to intimidate the Master of the vessel into not logging the incident by threatening to immediately quit his important duties as radio operator if the incident was logged.

7. Libelant falsified his overtime records and then again threatened to immediately quit his very essential duties as radio operator if his report of overtime work was not approved, without question, by the ship's Master.

8. During the period of his employment, libelant repeatedly failed to prop-

erly perform his duties as radio operator aboard the SS RIO MACAREO.

9. Libelant was, as a matter of fact, discharged from his employment aboard the SS RIO MACAREO for good cause.

10. Libelant worked overtime a total of only nineteen hours during the month of January, 1962, and a total of twelve hours during the month of February, 1962.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter and venue is properly laid in the Eastern District of Louisiana. 46 U.S.C.A. § 597.

2. Libelant is entitled, by law, to recover from the claimant, Transworld Carriers, Inc., the total sum of $201.40, representing the net amount of unpaid wages due for the month of January, 1962, and for the first fifteen days of February, 1962. This net amount is arrived at by using the base salary of $275 per month with overtime for thirty-one hours at $1.10 per hour as provided for in the Shipping Articles, and by deducting therefrom the sum of $225 deposited to libelant's account in Germany, and by deducting therefrom the total sum of $30 paid on libelant's behalf for German social security payments.

3. Having been discharged for good cause, libelant is not entitled to recover any amount whatsoever for vacation pay or for vacation subsistence.

4. Regardless of the fact that claimant, Transworld Carriers, Inc., expended the sum of $402.59 to repatriate libelant, and regardless of the fact that said claimant may have a valid claim against libelant in an appropriate action brought to recover the cost of repatriation, nevertheless, as a matter of law, claimant may not offset the cost of repatriation against wages due libelant. 46 U.S.C.A. § 701; Isbrandtsen Company, Inc. v. Johnson, 343 U.S. 779, 72 S.Ct. 1011, 96 L.Ed. 1294 (1952).

5. Claimant, Transworld Carriers, Inc., is not liable for any penalty for non-payment of wages upon libelant's request because of the fact that this Court finds that, under the circumstances of this case, claimant had sufficient cause to resist libelant's demands for payment pending a judicial determination of the issues involved.

Judgment will be rendered accordingly.